**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**


Tyreishia Dechante Noble and
Olayemi Johnson Oladele,

                        Plaintiffs,

                                 Case No. 1:24-cv-3434-MLB

v.

Joseph B. Edlow, Director, U.S.
Citizenship and Immigration
Services, et al.,

                        Defendants.

_____/

## <u>ORDER</u>

This case comes before the Court on a sua sponte review of this matter. Plaintiffs filed a "Trial Brief in Support of Complaint" seeking injunctive and declaratory relief under the Administrative Procedure Act. (Dkt. 14.) Defendants filed a response. (Dkt. 20.) The Court is unsure how to construe Plaintiffs' "Trial Brief" and Defendants' response, or which legal standards should govern their consideration. In other words, a "trial brief" filed outside the context of a trial—and without any trial scheduled—is an improper vehicle for litigating Plaintiffs' claims.

So the Court solicits input from the parties to dispel its confusion and chart a path forward.

Typically, when a plaintiff files a complaint challenging USCIS's denial of their immigration petition, the parties resolve the claims through motions to dismiss and/or cross motions for summary judgment (including in cases in which counsel for both Plaintiffs and Defendants have appeared before this Court). *See, e.g.*, *Jimoh v. Scott*, 1:24-cv-2765-TWT (N.D. Ga. 2024); *Saxton v. Jaddou*, 1:23-cv-3109-MLB (N.D. Ga. 2023). The Court believes that would be proper here as well. To that end, the Court **ORDERS** the parties to file a joint statement, on or before 14 days of the entry of this order, **SHOWING CAUSE** as to why their briefing should not be struck. If the parties believe they have presented the issues in a procedurally proper manner and Plaintiffs' motion is capable of resolution in its current state, they must explain why. If not, the parties must propose an alternative path forward—whether it be cross motions for summary judgment or otherwise—and a new briefing schedule.[1] Failure to do so will result in the Court striking the parties'

---

[1] The Court recognizes if the parties were to file motions for summary judgment they would share substantial similarities to their current

briefs. The Court **DIRECTS** the Clerk to submit this matter after the expiration of the deadline.

    **SO ORDERED** this 3rd day of April, 2026.

MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE

---

briefs. Nevertheless, the Court requires the defined structure and legal standards that accompany summary judgment practice—particularly the requirements of Local Rule 56.1—and therefore hopes the parties choose to proceed through that framework.